UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RINALDI, | : | |
| | : | |
| Plaintiff | : | |
| | : | No. 1:17-CV-01090 |
| vs. | : | |
| | : | (Judge Rambo) |
| JOHN DOE #1 et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

I. **Background**

Plaintiff, Michael Rinaldi, an inmate currently confined at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP-Canaan"), filed this civil action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) on June 21, 2017. (Doc. No. 1.) Plaintiff names the following individuals as Defendants: (1) John Doe #1, the director of the Bureau of Prisons ("BOP") responsible for implementing and maintaining program statements; (2) J. Baltazar, Warden of USP-Canaan; and (3) John Doe #2, a correctional officer who is directly responsible for the supervision of Plaintiff while Plaintiff performs his job detail. (Id.) Plaintiff asserts that he was forced to perform manual labor which consisted of sweeping and mopping floors, cleaning and painting walls and emptying trash cans, even though he did not want to

1

perform such work. (Id.) Plaintiff seeks general and punitive damages in the amount of twenty five thousand dollars. (Id.)

Plaintiff has filed a motion to proceed in forma pauperis and authorization to have funds deducted from his prison trust fund account to pay the filing fee in installments. (Doc. Nos. 5,6.) For the reasons set forth below, Plaintiff's motion to proceed in forma pauperis will be granted but his complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted in accordance with the screening provisions of 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

## II.     Standard of Review

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2) (The Court is statutorily required to screen and dismiss a complaint if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief). An action is frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action lacks an arguable basis in law if it is based on an "indisputably meritless legal theory." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

### III. Discussion

Plaintiff's lone allegation in the instant complaint is that he was forced to perform manual labor which consisted of sweeping and mopping floors, cleaning and painting walls and emptying trash cans, even though he did not want to perform such work. (Doc. No. 1.) This claim has no merit. "There is no federally protected right of a … prisoner not to work while imprisoned after conviction." Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963); see, e.g., Aceves v. Jeffers, 196 F. App'x 196 (10th Cir. 2006); Franklin v. Johns, No. 5:08-HC-2140, 2008 WL 8162541, at *1–2 (E.D. N.C. Oct. 6, 2008); Moody v. Baker, 857 F.2d 256, 257–58 (5th Cir. 1988) (work is a typical condition of confinement); Ali v. Johnson, 259 F.3d 317, 318 (5th Cir.2001) (forcing a prisoner to work does not amount to involuntary servitude). "A work assignment alone does not rise to a constitutional violation." Mendoza v. Lynaugh, 989 F.2d 191, 194 (5th Cir.1993) (affirming dismissal of inmate's claim because "prisoners can be required to work, in the absence of deliberate indifference toward their physical condition.").

To the extent Plaintiff is alleging an Eighth Amendment violation of cruel and unusual punishment, the Eighth Amendment only protects inmates from work programs if the work is medically prohibited, caused great physical hardship, or is a threat to life or health. See Valderas v. Johnson, 250 F.3d 739 (5th Cir. 2001) (unpublished) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (Eighth Amendment claim wholly without merit because plaintiff failed to make any allegation that prison officials were deliberately indifferent to his physical condition in assigning his work detail); Woodall v. Patilla, 581 F. Supp. 1066, 1077 (N.D. Ill. 1984); Talley v. Stephens, 247 F. Supp. 683, 687 (E.D. Ark. 1965); Franklin, 2008 WL 8162541, at *1–2. This, however, is not Plaintiff's claim. To be sure, Plaintiff makes no assertion of physical hardship, injury or deliberate indifference. Plaintiff merely takes issue with working.

Finally, to the extent Plaintiff believes that his work assignment violates some due process right, he has failed to state a claim. The Due Process Clause does not protect every change in conditions of confinement that may have an adverse effect on a prisoner. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Due process concerns are implicated and judicial review is required only when a disciplinary sanction "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Courts have held that punishment in the form of extra work duty does not impose "atypical and

significant hardship" on a prisoner that would implicate due process concerns. See, e.g., Hayes v. Quarterman, No. H–08–2501, 2009 WL 2044652, at *2 (5th Cir. July 7, 2009) (holding that extra work duty does not implicate due process protections). Finally, as set forth above, work is a typical condition of confinement, Moody, 857 F.2d at 257–58, and forcing a prisoner to work does not amount to involuntary servitude. Ali, 259 F.3d at 318. Accordingly, Plaintiff has failed to set forth a cognizable claim.

The Court is mindful that in civil cases pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). However, in this case, the Court can envision no scenario in which an amended complaint would entitle Plaintiff to relief, given that Plaintiff's cause of action is legally frivolous. Accordingly, Plaintiff will not be granted leave to file an amended complaint and the complaint will be dismissed with prejudice.

## IV. Conclusion

For the reasons set forth above, Plaintiff's complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A (b)(1) as frivolous and for failure to state a claim upon which relief can be granted. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 8, 2017